The following constitutes the
Memorandum Decision of the Court.
Signed September 11, 2009

_____
Roger L. Efremsky
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re                                                       Case No. 08-55860-RLE

TVIA, INC.,                                            Chapter 11

                 Debtor.
                                                          Date:  August 26, 2009
                                                          Time:  1:00 p.m.
_____/  Place: Courtroom 3099

**MEMORANDUM DECISION RE FIRST INTERIM FEE APPLICATION OF
SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT
OF EXPENSES INCURRED AS COUNSEL FOR THE
OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS**

**I. INTRODUCTION**

      On August 26, 2009, the Court held a hearing on the First Interim Fee Application of Sheppard, Mullin, Richter & Hampton, LLP for Allowance of Compensation and Reimbursement of Expense Incurred as Counsel for the Official Committee of Equity Security Holders (the "Fee Application"). Prior to the hearing, the Court issued a Tentative Ruling, indicating its intent to disallow $87,713.50 in fees for various reasons, all described in detail. At the hearing, Ori Katz, counsel for the Committee, appeared and argued various aspects of the Tentative Ruling. Other appearances were as noted on the record. The Court, having considered the argument of the parties

1

and, for the reasons stated below, **disallows $52,047.50 in fees with prejudice**, and **$12,137.00 without prejudice** to supplementation in a later fee application.

## II. FACTUAL BACKGROUND

This bankruptcy case was filed on October 15, 2008. The Official Committee of Equity Security Holders was appointed by the United States Trustee on January 6, 2009 (the "Committee"). On January 26, 2009, Sheppard, Mullin, Richter & Hampton, LLP ("Sheppard Mullin") filed an Employment Application, seeking to be employed to represent the Committee. On February 5, 2009, the Court entered an Order approving Sheppard Mullin's employment, effective January 9, 2009.

On May 21, 2009, Sheppard Mullin filed its Fee Application, seeking $276,472 in fees and $4,082.32 in expenses for the period from January 9, 2009, through April 30, 2009. Subsequently, on July 13, 2009, Sheppard Mullin filed a Supplement to the Fee Application, voluntarily reducing the fees sought by $3,410.[1] Thus, Sheppard Mullin now seeks $273,062 in fees and $4,082.32 in expenses.

## III. DISCUSSION

Section 330(a) of the Bankruptcy Code provides that the Court may award to a professional person employed under § 327 or 1103 reasonable compensation for actual, necessary services rendered and reimbursement of actual, necessary expenses. 11 U.S.C. § 330(a)(1). In determining what compensation is reasonable, the court considers the nature, extent and value of the professional's services, taking into account all relevant factors, including whether the services were necessary to the administration of the estate, whether they were beneficial to the estate, and whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed. 11 U.S.C. § 330(a)(3). The applicant bears the burden of establishing entitlement to an award and demonstrating the fees are reasonable. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

---

[1] In March 2009, Mr. Katz was elevated to Partner and his billing rate increased from $470 per hour, to $495 per hour. In response to the objections filed by various parties and at the request of the Committee, Sheppard Mullin agreed to bill the estate at Mr. Katz's associate rate of $470 per hour. The voluntary reduction is the result of the recalculation.

2

### A. Administrative/Clerical Entries

Services that are clerical in nature are properly chargeable to the firm as an overhead expense and not to the bankruptcy estate. Fees for services that are purely clerical, ministerial, or administrative should be disallowed regardless of who performs them. Missouri v. Jenkins, 491 U.S. 274, 288 fn 10 (1989); Sousa v. Miguel, 32 F.3d 1370, 1374 (9th Cir. 1994); see also Court's Guidelines for Compensation and Expense Reimbursement, ¶ 18.

In its Fee Application, Sheppard Mullin included time incurred for reviewing the docket, forwarding documents, retrieving documents, calendaring matters, supervising the service of documents, coordinating the filing of documents and preparing binders. These tasks are not in the nature of professional services and must be absorbed by Sheppard Mullin as overhead expenses. Therefore, as detailed below, fees in the amount of **$6,234.00 are disallowed with prejudice** on the basis that they are clerical in nature.

| Page | Date | Description | Time-keeper | Rate | Time Billed | Total Billed |
|---|---|---|---|---|---|---|
| 8[2] | 4/15/09 | Forwarded documents to ch 11 trustee counsel | RKS | $320.00 | .20 | $ 64.00 |
| 8 | 4/16/09 | Follow up on items requested by YC and Mr. Stuppi during meeting of prior day | OK | $470.00 | 1.80 | $846.00 |
| 9 | 4/28/09 | Research re compensation of trustee and retrieved documents re same | RKS | $320.00 | 1.10 | $352.00 |
| 13 | 4/23/09 | Reviewed docket and claims register and retrieved documents for O. Katz re preparation of settlement (.7); e-mail to committee chair forwarding same (.1) | RKS | $320.00 | .80 | $256.00 |
| 14 | 2/9/09 | Reviewed docket regarding and calendared deadlines to file POC | RKS | $320.00 | .50 | $160.00 |
| 15 | 2/11/09 | Reviewed docket and retrieved documents to O. Katz | RKS | $320.00 | .30 | $ 96.00 |

---

[2]"Page" refers to the page number in the Statement of Services (Exhibit B to the Fee Application) where each entry is found.

3

| | | | | | | |
|---|---|---|---|---|---|---|
| 16 | 2/15/09 | Retrieved documents and exhibits for O.Katz re same | RKS | $320.00 | 1.40 | $448.00 |
| 17 | 2/17/09 | Reviewed and prepared e-mails exhibits and documents | RKS | $320.00 | 1.20 | $384.00 |
| 18 | 2/23/09 | Reviewed rules re service (.7); reviewed and revised service lists and supervised filing and service (1.3) | RKS | $320.00 | 2.00 | $640.00 |
| 18 | 2/24/09 | Reviewed hearing notice on trustee motion, called court, and follow up e-mails re same. | RKS | $320.00 | .50 | $160.00 |
| 22 | 3/24/09 | Reviewed response to reply and prepared hearing binders re the motion to appoint ch 11 trustee | RKS | $320.00 | 2.30 | $736.00 |
| 23 | 1/13/09 | Reviewed docket and compiled requests for notice (.4); prepared and revised a notice of appearance and request for special notice (1.1); revised service list, reviewed COS and completed filing (.4) | RKS | $320.00 | 1.90 | $608.00 |
| 24 | 2/26/09 | Reviewed documents and assisted in preparing binders for meeting with debtor | RKS | $320.00 | .90 | $288.00 |
| 24 | 4/2/09 | Reviewed docket and retrieved documents for M. Ahrens; prepared report summarizing status re appointment of trustee | RKS | $320.00 | 1.90 | $608.00 |
| 24 | 4/10/09 | Reviewed docket in case and NBG matter (.2); Responded to inquiry re same (.3) | RKS | $320.00 | .50 | $160.00 |
| 38 | 2/13/09 | Finalized employment app for financial advisor and forward for signature | RKS | $320.00 | .60 | $192.00 |
| 38 | 3/6/09 | Reviewed dockets for filings by other professionals | RKS | $320.00 | .30 | $ 96.00 |
| 39 | 1/23/09 | Coordinated filing of employment application with Mr. Katz | ML | $350.00 | .40 | $140.00 |
| | | | | **TOTAL:** | | **$6,234.00** |

**B.     Committee's Motion to Appoint Trustee**

On February 19, 2009, the Committee filed a Motion to Appoint Trustee. The Motion consisted of a twenty-eight page motion, a Request for Judicial Notice and moving papers for an

4

1 Order Shortening Time. Review of the time records reveals that two partners and one associate 2 spent 94.9 hours and billed $38,169.50 to prepare the motion. The length of the Motion 3 notwithstanding, the facts and law were not difficult, nor were they novel. Despite this, Sheppard 4 Mullin billed approximately 16 hours for research regarding a legal issue that is well-settled; i.e., the 5 standards for appointment of a chapter 11 trustee.

6 Review of the billing records also reveals that on any given day, up to three attorneys were 7 all working on the motion at the same time; drafting, reviewing and revising each other's work. The 8 Court understands that it may be appropriate to have someone review a draft or finished product of a 9 given motion, or to have different people work on discrete projects related to the motion. However, 10 the simultaneous drafting of the Motion by three different lawyers, combined with the constant and 11 daily review and revision of the Motion by at least two and sometimes all three, was excessive, 12 especially in light of the fact that the UST filed a perfectly sufficient eight-page motion that served 13 the exact same purpose and achieved the exact same result.

14 The Court understands and appreciates Mr. Katz's argument on this matter. Unfortunately, 15 however, the Court remains unconvinced that the 95 hours spent on this task were necessary or 16 appropriate. Therefore, for the foregoing reasons, the Court will reduce the fees charged in this 17 category by 50%. The Court will allow fees in the amount of $19,084.75. **Fees in the amount of** 18 **$19,084.75 are disallowed with prejudice** on the basis that they are excessive and not reasonable.

| **Page** | **Date** | **Description** | **Time-keeper** | **Rate** | **Time Billed** | **Total Billed** |
|---|---|---|---|---|---|---|
| 14 | 2/9/09 | Performed research re appointment of chapter 11 trustee and reviewed and revised memorandum re same | RKS | $320.00 | 4.20 | $1,344.00 |
| 15 | 2/10/09 | Commenced preparing motion to appoint chapter 11 trustee | RKS | $320.00 | 3.60 | $1,152.00 |
| 15 | 2/11/09 | Continued preparing motion to appoint trustee (2.5) | RKS | $320.00 | 2.50 | $ 800.00 |
| 15 | 2/12/09 | Research re grounds for appointment of a chapter 11 trustee | OK | $470.00 | 3.90 | $1,833.00 |

5

| | | | | | | |
|---|---|---|---|---|---|---|
| 15 | 2/12/09 | Performed legal research with respect to facts sufficient to appoint a trustee (2.3); discussion with M. Ahrens and O. Katz re strategy to prepare the motion (.4); continue working on the motion (1.9) | RKS | $320.00 | 4.60 | $1,472.00 |
| 15 | 2/13/09 | Draft introduction and factual background portions of motion for appointment of ch 11 trustee | OK | $470.00 | 5.30 | $2,491.00 |
| 15 | 2/13/09 | Performed research re facts relevant to conduct by management of debtor (2.2); continued working on the motion to appoint trustee (3.5) | RKS | $320.00 | 5.70 | $1,824.00 |
| 16 | 2/14/09 | Review of key cases to be cited in motion to appoint chapter 11 trustee and revise brief based on same | OK | $470.00 | 2.30 | $1,081.00 |
| 16 | 2/14/09 | Continued reviewing documents and pleadings and working on motion to appoint trustee | RKS | $320.00 | 6.10 | $1,952.00 |
| 16 | 2/15/09 | Extensive drafting and revisions to motion to appoint a chapter 11 trustee | OK | $470.00 | 7.70 | $3,619.00 |
| 16 | 2/15/09 | Researched case law re motion to appoint a trustee (.9); worked on inserts for the motion (1.8) | RKS | $320.00 | 2.70 | $ 864.00 |
| 16 | 2/16/09 | Review and revise motion to appoint trustee and send e-mails re proof | MHA | $755.00 | 1.30 | $ 981.50 |
| 16 | 2/16/09 | Continue drafting memorandum of points and authorities in support of motion to appoint trustee (4.8); draft ex parte application and supporting papers re hearing on shortened time (1.3); review of documents to be attached to RJN and review of all factual matters asserted in motion (2.5) | OK | $470.00 | 8.60 | $4,042.00 |

6

| | | | | | | |
|---|---|---|---|---|---|---|
| 16 | 2/16/09 | Continue working on and revising motion to appoint a trustee and supporting declaration (3.9); reviewed exhibits, documents and pleadings and prepared RJN and the list of documents (2.2); prepared XP for OST (1.5) | RKS | $320.00 | 7.60 | $2,432.00 |
| 16 | 2/17/09 | Review revised motion to appoint trustee and make comments thereto | MHA | $755.00 | 1.60 | $1,208.00 |
| 17 | 2/17/09 | Complete review and revisions to all papers to be filed in connection with motion to appoint a chapter 11 trustee | OK | $470.00 | 6.40 | $3,008.00 |
| 17 | 2/17/09 | Performed research re case law on conflicts of interests and appointment of trustee (.9); review brief and discussion with M.Ahrens and O.Katz re motion to appoint trustee (.8); made changes to motions, declaration and OST papers (1.1); prepared additional declarations in support of both motions (.9) | RKS | $320.00 | 3.70 | $1,184.00 |
| 17 | 2/18/09 | Revisions to motions based on same and finalize motion papers | OK | $470.00 | 5.60 | $2,632.00 |
| 17 | 2/18/09 | Made revisions to the Motion to appoint trustee, declarations and related pleadings (1.9); reviewed and revised RJN and prepared the exhibits (1.3) | RKS | $320.00 | 3.20 | $1,024.00 |
| 17 | 2/19/09 | Finalize motion to appoint ch 11 trustee, including all supporting papers and review of key cases | OK | $470.00 | 3.80 | $1,786.00 |
| 17 | 2/19/09 | Revised and finalized motion to appoint trustee documents and completed the service of the motion pleadings and exhibits | RKS | $320.00 | 3.60 | $1,152.00 |
| 18 | 2/23/09 | Prepared and revised notice re hearing on trustee motion (.9) | RKS | $320.00 | .90 | $ 288.00 |
| | | | **TOTAL:** | | **94.9** | **$38,169.50** |

/ / / /

**C. Committee's Reply to Debtor's Opposition to Motion to Appoint Trustee**

On March 11, 2009, Debtor filed an Opposition to the Committee's Motion to Appoint Trustee. On March 18, 2009, the Committee filed a Reply to Debtor's Opposition. The Reply consisted of twenty-three pages of argument and six pages of declarations. Review of the time records reveals that two partners and one associate spent 60.8 hours and billed $27,851.50 to prepare the Reply. While a Reply was necessary, review of the billing records reveals that Sheppard Mullin employed the same staffing strategy as they did when they prepared the Motion. Specifically, on any given day, up to three lawyers were all working on the motion at the same time; drafting, reviewing and revising each other's work. For the reasons stated previously, the Court finds that the simultaneous drafting of the Reply by three different lawyers, combined with the constant and daily review and revision of the Reply by all three, for a total of 61 hours, was excessive. Therefore, for the foregoing reasons, the Court will also reduce the fees charged in this category by 50%. The Court will allow fees in the amount of $13,925.75. **Fees in the amount of $13,925.75 are disallowed with prejudice** on the basis that they are excessive and not reasonable.

| Page | Date | Description | Time-keeper | Rate | Time Billed | Total Billed |
|---|---|---|---|---|---|---|
| 19 | 3/9/09 | Work on reply to trustee motion | MHA | $755.00 | 1.20 | $ 906.00 |
| 20 | 3/11/09 | Review and analysis of opposition brief of debtor re motion to appoint ch 11 trustee | OK | $470.00 | 1.00 | $ 470.00 |
| 20 | 3/12/09 | review declarations and exhibits in support of opposition brief | OK | $470.00 | 1.80 | $ 846.00 |
| 20 | 3/12/09 | Reviewed opposition briefs and related documents | RKS | $320.00 | 1.70 | $ 544.00 |
| 20 | 3/13/09 | prepare outline re matters to be raised in reply brief of committee | OK | $470.00 | 1.30 | $ 611.00 |
| 20 | 3/14/09 | continue working on reply to debtor's opposition to motion to appoint ch 11 trustee | OK | $470.00 | 2.30 | $1,081.00 |

8

| | | | | | | |
|---|---|---|---|---|---|---|
| 20 | 3/14/09 | Reviewed opposition to motion to appoint ch 11 trustee and related documents, reviewed e-mails, pleadings and exhibits (2.2); commenced preparing reply brief (3.5) | RKS | $320.00 | 5.70 | $1,824.00 |
| 21 | 3/15/09 | Continue working on declarations in support of reply brief | OK | $470.00 | 2.60 | $1,222.00 |
| 21 | 3/15/09 | Continue working on reply brief, prepared declarations and prepared for deposition | RKS | $320.00 | 5.30 | $1,696.00 |
| 21 | 3/16/09 | Continue drafting reply brief and declarations in response to debtor's opposition to motion to appoint trustee | OK | $470.00 | 4.60 | $2,162.00 |
| 21 | 3/16/09 | prepared for and attended meeting with M. Ahrens and O. Katz re preparation of reply (2.6); reviewed and revised reply (.8) | RKS | $320.00 | 3.40 | $1,088.00 |
| 36 | 3/16/09 | Review documents produced by Debtor in connection with Motion re trustee (1.3); Review response by Debtor to motion (1.0); prepare reply brief (1.50) | MHA | $755.00 | 3.80 | $2,869.00 |
| 21 | 3/17/09 | Revise reply brief to motion to appoint trustee | MHA | $755.00 | 1.50 | $1,132.50 |
| 21 | 3/17/09 | Extensive revisions and drafting of briefs and declarations in support of reply brief re appointment of ch 11 trustee | OK | $470.00 | 5.50 | $2,585.00 |
| 21 | 3/17/09 | Research and revisions re reply | RKS | $320.00 | 1.50 | $ 480.00 |
| 21 | 3/18/09 | Prepare revisions for reply brief (1.2); Revise Azevedo decl (1.0); Conference with Azevedo and Katz re reply and declaration (.8); Review docs produced in connection with reply (.80) | MHA | $755.00 | 3.80 | $2,869.00 |
| 22 | 3/18/09 | Finalize and filed reply brief and all supporting papers in connection with motion to appoint ch 11 trustee | OK | $470.00 | 3.40 | $1,598.00 |
| 22 | 3/18/09 | Worked on and assisted in preparation and filing of reply brief, supporting declarations and related exhibits | RKS | $320.00 | 6.80 | $2,176.00 |

9

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

| 22 | 3/24/09 | Review of all papers filed in connection with motions to appoint chapter 11 trustee in connection with prep for hearing | OK | $470.00 | 3.60 | $1,692.00 |
|---|---|---|---|---|---|---|
| | | | **TOTAL:** | | **60.8** | **$27,851.50** |

### D. Chapter 11 Trustee Issues

On March 25, 2009, the Court ordered the appointment of a chapter 11 trustee. Review of Sheppard Mullin's billing records reveals that well before the filing of the Motion to Appoint Trustee, the Committee was considering YC Yuchen Zhu as either Court Restructuring Officer, or as a Trustee candidate. Review of the billing records also reveals that following the Court's grant of the Motion to Appoint a Trustee and prior to the actual trustee appointment, Sheppard Mullin spent at least 22.5 hours and billed at least $11,443.50 in an apparent attempt to influence the UST's choice of trustee. Specifically, Sheppard Mullin called and wrote to the UST on numerous occasions, researched courses of action in the event that the UST did not choose a trustee that was acceptable to the Committee, and even went so far as to prepare a demand for a trustee election.

Pursuant to 11 U.S.C. § 1104(c), the appointment authority in cases where a chapter 11 trustee is appointed is vested in the UST. While Bankruptcy Rule 2007.1(c) contemplates that the UST will consult with creditors and parties in interest prior to selecting a trustee, once the Court orders the appointment of a trustee, it is the sole duty of the UST to select a qualified candidate to serve that role. In re Schneider, 2007 WL 2688812 *6 (Bankr. N.D. Cal. 2007); In re Stoecker, 128 B.R. 205, 213 (Bankr. N.D. Ill. 1991).

Here, a substantial portion of the fees requested in this category appear to have been driven by the Committee's self-interest in hand-picking the trustee. Further, the large amount of fees and the related descriptions suggest that Sheppard Mullin exerted its leverage in the selection process based on the ability to elect a trustee under Bankruptcy Rule 2007.1(b). While it is understandable that the Committee would want a trustee that is acceptable to the Committee, there has been no showing that the more than 22 hours spent by Sheppard Mullin benefitted anyone other than the Committee. Just because fees are incurred, it doesn't necessary make those fees compensable if the services were performed purely out of self interest and did not benefit the estate as a whole. While

10

the Court expects to see time billed for consultation with the UST per Rule 2007.1(c), 22.5 hours is excessive. A reasonable fee for Sheppard Mullin's contribution to the trustee selection process is $2,000. The balance of the fees sought in connection with the Trustee appointment in the amount of **$9,443.50, are disallowed with prejudice** as excessive and not reasonable.

| Page | Date | Description | Time-keeper | Rate | Time Billed | Total Billed |
|---|---|---|---|---|---|---|
| 19 | 3/9/09 | Prepare letter to UST re appointment of trustee | MHA | $755.00 | 1.30 | $ 981.50 |
| 5 | 3/19/09 | Review emails re selection of trustee and calls re same | MHA | $755.00 | .80 | $ 604.00 |
| 5 | 3/24/09 | Prepare letter to Mr. Wesolowski re selection of trustee | MHA | $755.00 | 1.0 | $ 755.00 |
| 5 | 3/26/09 | follow up with call to Office of the UST to express committee position (.2); draft letter to Office of UST in order to set forth committee position (.8); further analysis of committee options in connection with selection of chapter 11 trustee and course of the case going forward (1.6) | OK | $470.00 | 2.60 | $1,222.00 |
| 5 | 3/30/09 | conference with client re alternatives on selection of trustee | MHA | $755.00 | .50 | $ 377.50 |
| 5 | 3/30/09 | conference calls, emails and research re issue raised by committee in connection with selection of chapter 11 trustee and course of debtor's case following such selection | OK | $470.00 | 2.30 | $1,081.00 |
| 5 | 3/31/09 | conference re selection process of trustee with Mr. Katz | MHA | $755.00 | .50 | $ 377.50 |
| 5 | 4/1/09 | send emails re selection of trustee and conference with Mr. Katz. | MHA | $755.00 | .50 | $ 377.50 |
| 6 | 4/2/09 | Review email to UST re selection of trustee (.50); Revise letter to UST (.40); conference with Mr. Katz re alternatives (.30) | MHA | $755.00 | 1.20 | $ 906.00 |
| 24 | 4/2/09 | discussion with Mr. Wesolowski re process for selection of ch 11 trustee (.3); draft and revise letter to UST re same (2.5) | OK | $470.00 | 2.80 | $1,316.00 |

11

| 6 | 4/3/09 | Review status of letters to UST (.5); Conversation with UST re selection of trustee (.5) Send email to Mr. Katz (.30) | MHA | $755.00 | 1.30 | $ 981.50 |
|---|---|---|---|---|---|---|
| 6 | 4/5/09 | Reviewed emails from committee and documents re objection to appointing a ch 11 trustee candidate not acceptable to committee | RKS | $320.00 | 1.10 | $ 352.00 |
| 6 | 4/6/09 | Performed research re appointment of ch 11 trustee by UST (1.4); reviewed letter and emails re same (.9); prepared demand for election (2.5) | RKS | $320.00 | 4.80 | $1,536.00 |
| 6 | 4/7/09 | Researched case law re objection to appointment of chapter 11 trustee candidates | RKS | $320.00 | 1.80 | $ 576.00 |
| | | | **TOTAL:** | | **22.5** | **$11,443.50** |

### E. Settlement of State Court and Bankruptcy Litigation

Sheppard Mullin billed 28.0 hours and $12,137.00 for preparation of the global settlement agreement and Rule 9019 motion that settled the outstanding bankruptcy and state court litigation. Review of the docket and the related papers, however, indicates that the settlement and Rule 9019 motion were prepared and filed by the Trustee's counsel ("Stuppi"), on Stuppi's letterhead. Thus, it appears to the Court that it is Stuppi, not Sheppard Mullin, that should be seeking compensation for these activities.

As of the date of this hearing, Stuppi has not filed a fee application, thus the Court does not know whether Stuppi intends to bill for these activities. In order to avoid compensating both Sheppard Mullin and Stuppi for the same services, **the $12,137** billed for preparation of the global settlement and Rule 9019 motion **is disallowed without prejudice** to reconsideration when Stuppi files its fee application.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

12

| Page | Date | Description | Time-keeper | Rate | Time Billed | Total Billed |
|---|---|---|---|---|---|---|
| 12 | 4/16/09 | Begin work on potential global resolution of pending litigation matters | OK | $470.00 | 1.90 | $ 893.00 |
| 12 | 4/17/09 | Continue working on global resolution of all pending litigation | OK | $470.00 | 5.70 | $2,679.00 |
| 12 | 4/20/09 | continue working on proposed form of settlement agreement | OK | $470.00 | .70 | $ 329.00 |
| 12 | 4/21/09 | continue drafting global settlement agreement (1.9); revisions to same per comments and based on discussions with Mr. Stuppi (.7); revisions based on committee input (.4); emails with Mr. Stuppi and committee re general settlement deal points (.2) | OK | $470.00 | 3.20 | $1,504.00 |
| 12 | 4/21/09 | Discussion with O.Katz re preparing global settlement agreement (.3); reviewed documents and researched filings re information for preparation of settlement | RKS | $320.00 | 1.40 | $ 448.00 |
| 12 | 4/22/09 | Finalize initial draft of proposed global settlement agreement (2.3); | OK | $470.00 | 2.30 | $1,081.00 |
| 13 | 4/22/09 | Reviewed pleadings related to insurance motion, adversary proceedings, state court complaint, and claims docket and prepared draft of global settlement agreement | RKS | $320.00 | 5.30 | $1,696.00 |
| 13 | 4/23/09 | Finalize settlement agreement and begin preparation of motion under Rule 9019 for approval of same | OK | $470.00 | 2.80 | $1,316.00 |
| 13 | 4/28/09 | Review and revise agreement re litigation (.50). Review and revise settlement agreement on major litigation (.70) | MHA | $755.00 | 1.20 | $ 906.00 |
| 14 | 4/29/09 | Work on Rule 9019 motion re settlement of litigation | OK | $470.00 | 1.10 | $ 517.00 |

13

| 14 | 4/29/09 | Reviewed settlement agreement and commenced preparing draft for motion to approve agreement. | RKS | $320.00 | 2.40 | $ 768.00 |
|---|---|---|---|---|---|---|
| | | | **TOTAL:** | | **28.0** | **$12,137.00** |

### F. Miscellaneous Reductions

**1. Unnecessary Duplication of Services:** On April 17, 2009, (p. 8), Mr. Ahrens conferred with Mr. Katz regarding status for .5 hours and then billed .3 hours to send an e-mail regarding status to Mr. Stuppi. The total billed was $604.00. Mr. Ahren's services were unnecessarily duplicative as Mr. Katz could have sent the e-mail regarding the status and copied Mr. Ahrens. Thus, the Court will allow $141.00 (i.e., .3 hours for sending the e-mail at Mr. Katz's rate of $470 an hour) and **disallows $463 with prejudice.**

**2. Multiple Professionals:** The Court's Guidelines for Compensation and Expense Reimbursement provide that "Professionals should be prepared to explain the need for more than one professional . . . from the same firm at the same court hearing, deposition or meeting. Failure to justify this time may result in compensation for only the person with the lowest billing rate." Guidelines at ¶ 16.

On two occasions, both Mr. Ahrens and Mr. Katz appeared at, and billed for, a meeting with Debtor. See, 1/12/09 at p. 30, wherein Mr. Ahrens billed 5.5 hours ($4,152.50) and Mr. Katz billed 4.8 hours ($2,256.00). See also 2/26/09 at p. 28, wherein Mr. Ahrens and Mr. Katz both billed 6.0 hours ($4,530.00 and $2,820, respectively). Sheppard Mullin did not provide an explanation regarding the necessity for both attorneys to attend these meetings in its fee application. At the hearing, however, Mr. Katz did provide an acceptable explanation. Therefore, the Court will allow 6.0 hours for both Mr. Ahrens and Mr. Katz on 2/26/09. As to the 1/12/09 meeting, the Court notes that Mr. Ahrens billed 5.5 hours while Mr. Katz only billed 4.8 hours. Because there is no explanation as to why Mr. Ahrens billed more time for the same meeting, the Court will only allow the lesser time. Thus, the Court will allow 4.8 hours for both Mr. Ahrens and Mr. Katz on 1/12/09. The Court will disallow .7 hours at Mr. Ahrens' rate of $770 per hour. **Thus, $539 is disallowed with prejudice.**

14

**3.     Pre-Employment Fees:** On January 8, 2009, Mr. Ahrens billed 1.5 hours ($1,132.50) for attendance at the first meeting of creditors and for a conference with debtor's counsel. See, p. 30. Pursuant to Sheppard Mullin's employment order, however, its employment was not effective until January 9, 2009. As this activity was outside of the scope and time of Sheppard Mullin's employment, the related fees in the amount of **$1,132.50 is disallowed with prejudice.**

**4.     Fees Billed for Conflicts Checks**: The Court does not allow fees for performance of conflicts checks so that counsel can be employed. On 1/20/09 (p.39), Mr. Lauter billed 3.4 hours ($1,190) for "draft[ing] Application to Employ Sheppard Mullin, and confer[ring] with Mr. Katz and billing and records staff regarding same." The conference with billing and records staff portion of the entry appears to be related to performing a conflicts check, which is not compensable. While the actual drafting of the employment application is generally compensable, the entire entry is clumped, thus the Court is unable to break the compensable portions out. As a result, **$1,190.00 is disallowed with prejudice**.

Similarly, on 1/26/09 (p. 39), Mr. Lauter billed .10 hours ($35) for "Correspond[ing] with Mr. Katz regarding conflict searches for employment application. As this entry is also related to a conflicts check, **$35.00 is disallowed with prejudice.**

## IV.     CONCLUSION

For all of the above reasons, the Court disallows $52,047.50 in fees with prejudice. The Court disallows $12,137.00 in fees without prejudice to further supplementation in a subsequent fee application. The Court approves fees in the amount of $208,877.50 and expenses in the amount of $4,082.32. A separate order shall issue.

**\*\*\* END OF MEMORANDUM DECISION \*\*\***

**Court Service List (via ECF and/or US Mail)**

Tvia, Inc.
4880 Great America Parkway #300
Santa Clara, CA 95054

John Walshe Murray
Law Offices of Murray and Murray
19400 Stevens Creek Blvd. #200
Cupertino, CA 95014-2548

YC Yuchen Zhu
13540 Ashworth Place
Cerritos, CA 90703

Sarah M. Stuppi
Law Offices of Stuppi and Stuppi
1630 North Main St. #332
Walnut Creek, CA 94596

Ori Katz
Sheppard, Mullin, Richter & Hampton, LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4106

John S. Wesolowski
Office of the United States Trustee
280 S 1st St. #268
San Jose, CA 95113-0002