EDWINA E. DOWELL, # 149059
Assistant U.S. Trustee
NANETTE DUMAS, # 148261
JOHN S. WESOLOWSKI, # 127007
United States Department of Justice
Office of the United States Trustee
280 S. First Street, Suite 268
San Jose, CA 95113-0002
Telephone: (408) 535-5525
Fax: (408) 535-5532

Attorneys for Sara L. Kistler
Acting United States Trustee for Region 17

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>TVIA, Inc., a Delaware corporation,<br><br>Debtor. | Case No. 08-55860 RLE<br><br>Chapter 11<br><br>Date: September 10, 2009<br>Time: 2:00 p.m.<br>Place: Courtroom 3099<br>Hon. Roger L. Efremsky |

**UNITED STATES TRUSTEE'S OBJECTION
TO REDLINED DISCLOSURE STATEMENT AND PLAN**

The United States Trustee (the "UST") hereby files the following objection and comments with respect to the redlined versions of the Disclosure Statement to Chapter 11 Plan of Reorganization ("Disclosure Statement" or "DS") and Chapter 11 Plan Of Reorganization ("Plan") filed herein on August 18, 2009 by the Official Committee of Equity Security Holders ("Committee"). Some of the below comments are more properly confirmation issues, but the UST raises them now in order that they may be addressed before the Plan is sent out for votes by the shareholders.

1. The fate of the Debtor – i.e., whether the case proceeds under the Liquidation Alternative or the Reorganization Alternative – rests with only 15% of the shares of the company. Plan, 7:7-9. In other words, a small minority of shareholders controls the outcome of the case. This raises a question of fairness to all shareholders. Further,

1  the Plan sets up a separate class for *de minimis* shareholders, defined as a holder of
2  less than 15,000 shares of stock, who are deemed to have selected Option 1 under the
3  Reorganization Alternative.  See Definitions, Exhibit A to Plan, p. 3 and Plan 7:11-14.
4  This  appears to be in the nature of an administrative convenience class.  However,
5  Bankruptcy Code section 1122(b) only permits the establishment of an administrative
6  class of unsecured claims, not equity interests.  This needs to be justified.  Also, it is
7  unknown whether the members of the Committee (or persons they control) already
8  have the necessary votes to invoke the Reorganization Alternative, and/or whether they
9  intend to purchase additional shares prior to confirmation in order to accomplish that
10 goal.   This should be disclosed.
11         2.  DS 25:3-5, Plan 10:10-12.  The current chairman of the Committee, Zhaofang
12 Wen, is nominated to be the liquidating trustee, at a rate of $250 per hour.  The UST
13 questions this choice, since Mr. Wen is neither independent nor disinterested, and while
14 he has significant education and experience in the computer field, he has no apparent
15 experience with administrative duties such as a liquidating trustee will have.  In addition,
16 the proposed hourly rate seems too high under the circumstances.
17         3.  DS 25:13 and 16, Plan 10:20 and 23.  The notice provisions should include
18 notice to any person requesting notice after the Effective Date.
19         4.  DS 26-27, Plan 11-12.  In the Reserve Account section, there is overlap
20 between the Liquidating Trustee and the Chapter 11 Trustee.   There does not appear
21 to be a need to have both these persons in charge of (and getting paid for) making
22 distributions on account of Claims.
23         5.  Plan 15:21-27.   Again, there is overlap between the Reorganized Debtor and
24 the Chapter 11 Trustee.   There does not appear to be a need to have both these
25 persons in charge of making distributions on account of Claims.
26         6.  DS 32:20, Plan 17:1-14.  The initial Responsible Individual under the Plan is
27 the current chairman of the Committee, Zhaofang Wen.  His name should be stated.  In
28 addition, the "corporate housing allowance" should be limited in amount.

7. Plan 20:19-23.  There should be notice and opportunity to be heard for the payment of fees of the Chapter 11 trustee and his professional.  See also paragraphs 4 and 5 above.

8. On August 21, 2009, Eli Porat, the former chairman and CEO of the Debtor, filed a $10 million claim in the case for indemnity.  This claim should be disclosed in the DS, along with an explanation as to the effect of the claim on the Plan's feasibility.

Dated: August 28, 2009                     Respectfully submitted,


                                           By:  /s/   John S. Wesolowski

                                                John S. Wesolowski
                                                Attorney for the U.S. Trustee