1   EDWINA E. DOWELL, # 149059
    Assistant U.S. Trustee
2   NANETTE DUMAS, # 148261
    JOHN S. WESOLOWSKI, # 127007
3   EMILY S. KELLER, # 264983
    U. S. Department of Justice
4   Office of the United States Trustee
    280 S. First Street, Suite 268
5   San Jose, CA 95113-0002
    Telephone:   (408) 535-5525
6   Fax:             (408) 535-5532

7   Attorneys for Sara L. Kistler
    Acting United States Trustee for Region 17

8

## UNITED STATES BANKRUPTCY COURT

9

## NORTHERN DISTRICT OF CALIFORNIA

10

11   In re:                                    Case No.  08-55860 RLE

12        TVIA, INC.,                    Chapter 11

13                               Date:  March 30, 2010
                       Debtor.         Time:  10:00 a.m.
14                               Place: Courtroom 3099
                              Hon. Roger L. Efremsky

15

16

17      __**LIMITED OBJECTION OF U.S. TRUSTEE TO TVIA FEE APPLICATIONS**__

18          The United States Trustee (the "UST") hereby files the following limited objection

19   to the fee application filed in this case by Campeau Goodsell Smith ("CGS"), and

20   responds to the fee application and supplement filed by Sheppard, Mullin, Richter &

    Hampton LLP ("Sheppard") as follows:
21

22      **CGS.**   CGS seeks fees of $83,940, which includes $2,900 of fees incurred

23   preparing its fee application.  CGS was engaged by Tvia, Inc. both pre- and post-

24   petition, to serve as special litigation counsel.  The litigation concerned alleged trade

25   secret and other violations by former Tvia employees.  A state court trial was

26   scheduled to begin on or about May 4, 2009; however, on April 10, 2009, YC (Yuchen)

27   Zhu was appointed as chapter 11 trustee in this case.

         CGS was never employed by the chapter 11 trustee.  Nonetheless, CGS is
28
  requesting payment for services rendered to Tvia after the appointment of the chapter

Limited Objection of UST to
Case 08-55860  Doc# 726   Filed: 03/17/10   Entered: 03/17/10 13:46:51   Page 1 of 3

1  11 trustee.   This is contrary to <u>Lamie v. U.S. Trustee</u>, 540 U.S. 526, 124 S.Ct. 1023

2  (2004); <u>see</u> 3 Collier on Bankruptcy (15th Ed.) ¶¶ 327.01 and 327.05[3], pp. 327-5 and

3  327-68 (professionals representing debtor *out of* possession cannot be compensated

4  under § 330 unless retained by trustee).   The <u>Lamie</u> rule applies to chapter 11 cases in

5  which a chapter 11 trustee is appointed as well as chapter 11 cases that are converted

6  to chapter 7.   <u>In re Johnson</u>, 397 B.R. 486, 490 (Bankr. E.D.Cal. 2008).

7       The UST calculates the fees charged by CGS after April 10, 2009 (the date of

8  the trustee's appointment) to be $17,380.   Of this amount, $14,480 is related to

9  preparation for trial (see last page of Exhibit C to Declaration of Gregory J. Charles),

10  and $2,900 is related to preparing the fee application.  <u>See</u> CGS Application, p. 8.[1]  The

11  UST objects to the payment of this amount ($17,380) as contrary to <u>Lamie</u>.

12       The UST is sensitive to the trial preparation needs and uncertainties that faced

13  CGS once the trustee was appointed.  However, under the <u>Lamie</u> case, the firm is

14  precluded from receiving compensation from the estate unless employed by the trustee.

15  Accordingly, unless CGS is employed by the trustee on a *nunc pro tunc* basis, the UST

16  objects to the payment of $17,380 of the requested fees.

17       **Sheppard Mullin.**   Sheppard Mullin is counsel to the equity committee.

18  Sheppard Mullin requests fees and expenses in excess of $845,000 for the period May

19  1, 2009 through the effective date of the confirmed plan (December 28, 2009), plus

20  reconsideration of $12,137 in fees previously disallowed without prejudice.  The vast

21  majority of the requested fees were incurred in connection with either (a) the plan and

22  disclosure statement process, or (b) the claims objection and settlement process.   At

23  this time, the plan has been confirmed, the major claims and claim objections have

24  _____

25  [1]  There is some controversy as to whether a post-conversion professional is permitted to recover
fees from the estate for preparing a fee application after a trustee has been appointed.  <u>See, e.g.,</u>
26  <u>In re Ancil Plumbing & Mechanical Contractors, Inc.</u>, 2009 WL 1150116 (Bankr. D.Mass. April
27  28, 2009) (denying fee request) and <u>In re Johnson</u>, 397 B.R. 486 (Bankr. E.D.Cal. 2008)
(awarding fees after trustee employed professional *nunc pro tunc*).  The UST asserts that the
28  plain language of <u>Lamie</u> should apply and preclude an award of such fees unless the professional
is employed by the trustee *nunc pro tunc*.

1  been resolved, and allowed creditors are receiving a 100% distribution.  There will be a

2  distribution to equity holders in an unknown amount.

3  Sheppard Mullin has filed a supplement to its final fee application, in which it has

4  agreed to take certain voluntary reductions in its fees and expenses in response to

5  concerns identified by the UST.   The reductions are detailed in the supplement, and

6  total $59,145 in fees and $812.25 in expenses.  The supplement accurately reflects the

7  resolution of the UST's concerns, and the UST has no further objections to the

8  Sheppard Mullin fee application.

9

10

11  Dated: March 16, 2010                              Respectfully submitted,

12

13                                                         By:   _/s/ John S. Wesolowski_____
                                                                  John S. Wesolowski
14                                                                Attorney for the U.S. Trustee

15

16

17

18

19

20

21

22

23

24

25

26

27

28